OPINION
At all times pertinent to the issues in this case, Robert J. Toman and/or his wife held three liquor permits for various businesses operating in Ellsworth Township in Mahoning County, Ohio. These three permits were the only such permits available for the area, thus resulting in Mr. Toman's monopoly of the right to sell carryout alcoholic beverages.
The various permit premises are in extremely close proximity to one another, all on Akron Canfield Road. In fact, two of the operations are in the same building: the 10956 Akron Canfield Road location is the Ellsworth Drive Thru; at 10960 is a store called the Country Pantry. The third permit location at 10959, the Ellsworth General Store, is across the street from the others.
In December 1998, the State of Ohio Liquor Control Commission ("commission") issued an order rejecting renewal of Mr. Toman's permits for the drive-thru at the 10956 Akron Canfield Road location. Additional details are set forth below in our discussion of Mr. Toman's argument.
As a result of the commission's order, Mr. Toman pursued an R.C. Chapter 119 administrative appeal to the Franklin County Court of Common Pleas, which affirmed the commission's order pursuant to a decision and entry journalized in June 1999.
Robert J. Toman (hereinafter "appellant") has now appealed to this court, assigning a single error for our consideration:
 THE COURT OF COMMON PLEAS ERRED WHEN IT FOUND THAT THE ORDER OF THE LIQUOR CONTROL COMMISSION WAS SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE AND WAS IN ACCORDANCE WITH LAW.
In Our Place, Inc. v. Ohio Liquor Control Comm. (1992),63 Ohio St.3d 570, 571, the Supreme Court of Ohio set forth the appropriate standard of review in administrative appeals:
 * * * An appeal from an administrative agency in Ohio is governed by R.C. 199.12, which states in pertinent part: "The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence * * *. The court of common pleas is restricted to determining whether the order is so supported.
The record reveals the following facts, upon which the lower court based its determination that the commission's order was supported by the requisite reliable, probative, and substantial evidence.
In 1985, John Fowler started a business in Ellsworth Township, Fowler Tire and Auto Service, located very close to one of appellant's permit premises. In 1997, Mr. Fowler applied for a license to sell carryout alcoholic beverages. Mr. Fowler's application was subsequently denied by the commission because there were "no openings" in Ellsworth Township; appellant held all three.
Counsel for Mr. Fowler wrote a letter to the commission in which he alleged that appellant was "attempting to monopolize the issuance of permits to prevent competition and that is both improper and unlawful." Mr. Fowler's counsel requested an investigation of appellant's permits. In January 1998, counsel was notified that such an investigation would be commenced.
The investigation revealed that appellant had not conducted sales at the drive-thru from September 1996 through December 1997. In appellant's 1997-1998 renewal application, he indicated to the contrary — that the business was open and selling alcoholic beverages. In fact, the business had been closed for remodeling and was not operating.
The commission refused to renew appellant's permits for the drive-thru based upon R.C. 4303.292, which provides, in pertinent part:
 (A) The department of liquor control may refuse to issue, transfer the ownership of, or renew * * * any retail permit issued under this chapter if it finds:
 (1) That the applicant, any partner, member, officer, director, or manager thereof, or any shareholder owning ten per cent or more of its capital stock:
* * *
 (b) Has operated his liquor permit businesses in a manner that demonstrates a disregard for the laws, regulations, or local ordinances of this state or any other state;
 (c) Has misrepresented a material fact in applying to the department for a permit[.]
R.C. 4303.272 provides for the "safekeeping" of permits; if the permit premises are destroyed or otherwise rendered unusable for any reason, the permit holder is required to deliver the permit to the commission for "safekeeping" until the premises are available. Appellant did not comply with this requirement.
Ohio Adm. Code 4301:1-1-16 regulates "closing authority." If a permit holder wishes to discontinue operation of the permit premises for a period in excess of thirty days, the permit holder must notify the commission and specify the period of time the holder wants to remain closed. Again, appellant failed to comply with the requirement that he obtain closing authority.
The practical effect of appellant's conduct was to deny consideration of any potential permit applicants such as Mr. Fowler and, thus, to maintain appellant's monopoly. The court below observed:
 Had [appellant] not violated the law in the two aspects outlined above, the Court would have no problem with him holding all three permits since Ohio law does not prohibit that. However, it does appear that, in failing to advise the Division of Liquor Control that he was closed for remodeling, and in fact lying about it, he was unlawfully attempting to make sure he continued to monopolize the three available permits even though he was unable to run the drive-thru for over one year. (Decision at 6.)
We also note, as did the court below, that "nothing would prevent Appellant from remodeling the drive thru and Country Pantry to run both operations on one permit," pursuant to R.C.4303.27. (Decision at 5.)
The record clearly supports a finding that appellant did not comply with the law and, additionally, "misrepresented a material fact" about the status of his business at the drive-thru. Therefore, the trial court did not err in concluding that the commission's order was supported by substantial, reliable and probative evidence.
The assignment of error is overruled.
Having overruled the assignment of error, the judgment of the trial court is affirmed.
Judgment affirmed.
 ___________________________ TYACK, J.
BOWMAN, P.J., and KLINE, J., concur.
KLINE, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.